IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CATHRYN SLEVA, <br> DEBORAH SMITH, <br> and others similarly situated, | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. |
| | ) | |
| ATLANTA HUMANE SOCIETY <br> AND SOCIETY FOR <br> PREVENTION OF CRUELTY <br> TO ANIMALS, INC. | ) <br> ) <br> ) <br> ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| _____ | ) | |

## COMPLAINT

Plaintiffs Cathryn Sleva and Deborah Smith bring this suit—demanding trial by jury—under the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201, et seq., on behalf of themselves and others similarly situated to recover unpaid overtime compensation, liquidated damages, and their attorneys' fees and costs from Defendant Atlanta Humane Society and Society for Prevention of Cruelty to Animals, Inc. ("AHS"), alleging as follows:

## OVERVIEW

1. Defendant Atlanta Humane Society and Society for Prevention of Cruelty to Animals, Inc. is a nonprofit corporation in receipt of state and federal funds, has failed to pay the named Plaintiffs and others similarly situated federally mandated overtime in violation of the FLSA, as amended, 29 U.S.C. § 201, et seq.

## JURISDICTION AND VENUE

2. The claims herein present federal questions, and jurisdiction of this Court is predicated under 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391. The cause of action arose in Fulton County in the Northern District of Georgia.

## PARTIES

4. Plaintiff Cathryn Sleva ("Ms. Sleva") is currently a resident and citizen of the State of California and resides in Seal Beach, California 90740. At relevant times, Ms. Sleva was an employee of AHS entitled to the protections of the FLSA under 29 U.S.C. § 203(e). For purposes of this action, Ms. Sleva subjects herself to the jurisdiction and venue of this court.

5. Plaintiff Deborah Smith ("Ms. Smith") is a resident and citizen of the State of Georgia and resides in Roswell, Georgia 30076. At relevant times, Ms. Smith was an employee of AHS entitled to the protections of the FLSA under 29

U.S.C. § 203(e).  For purposes of this action, Ms. Smith subjects herself to the jurisdiction and venue of this court.

6. AHS is a domestic, non-profit Georgia corporation, with its principal place of business located at 981 Howell Mill Road Northwest, Atlanta, Georgia 30318.  Process may be served upon its registered agent, Wendy Hart, at 1565 Mansell Road, Alpharetta, Georgia 30009.  Throughout Plaintiffs' employment, AHS was at all times an employer engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b), (d).  This court has personal jurisdiction over AHS.

7. AHS has violated the provisions of § 7 and 15(a)(2) of the FLSA [29 U.S.C. § 207 and 215(a)(2)] by employing employees engaged in commerce for work weeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than 1½ times the regular rates at which they were employed.

8. AHS's violations of the FLSA were willful and without justification or excuse under 29 U.S.C. § 201, et seq.  Based on these willful violations, Plaintiffs and the similarly situated employees seek three years of unpaid compensation as well as liquidated damages and their attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

### Ms. Sleva Is Entitled to Overtime Compensation

9. Ms. Sleva was formerly employed by AHS and worked there for approximately five years.

10. Ms. Sleva was hired as a supposedly "exempt" employee in September 2007 as the Director of Development. She later became Vice President of Development.

11. In those roles, AHS promised to pay Ms. Sleva on a salary basis and for a regular workweek schedule of 40 hours from Monday through Friday from 9:00 am to 5:00 pm.

12. However, in violation of the Fair Labor Standards Act, AHS docked Ms. Sleva's pay so that she was not paid on a salary basis. As a result, she was not an "exempt" employee and is entitled to overtime compensation.

13. AHS required Ms. Sleva to be "on call" 24 hours a day, 7 days a week, to speak with media representatives, Board of Directors members and staff members. Calls came to Ms. Sleva at all times of the day and night, during the week, and on weekends.

14. Continuously over the course of her employment, AHS required Ms. Sleva to work more than 40 hours per work week and failed to pay her overtime.

## **Plaintiff Smith Is Entitled to Overtime Compensation**

15. Ms. Smith was employed by AHS, but resigned on January 27, 2012.

16. Ms. Smith was hired by AHS on August 23, 2011 as Director of Community Relations at the Mansell Campus as a supposedly "exempt" employee who was promised a salary for a regular workweek schedule of 40 hours from 9:00 a.m to 5:00 p.m.

17. In violation of the Fair Labor Standards Act, AHS docked Ms. Smith's pay on multiple occasions. As a result, she was not an "exempt" employee and is entitled to overtime compensation.

18. As Director of Community Relations for the Mansell Campus, Ms. Smith recruited, trained, and managed volunteers, assisted with fundraising, served as AHS's government relations liaison, coordinated public relations events such as the facility's Grand Opening event, and served as lead media contact for the facility.

19. Based on the workflow of a given week and her assignments, she often had to work hours in excess of a 40-hour week—sometimes working 12-hour days. On many occasions, she ate lunch in her office while working.

20.  AHS never compensated Ms. Smith for overtime hours worked and at all times material to this suit, AHS considered Ms. Smith as an "exempt" employee.

21.  Continuously over the course of her employment, AHS required Ms. Smith to work more than 40 hours per work week and failed to pay her overtime.

### Defendant Violated the FLSA Willfully and in Bad Faith

22.  During the 3 years preceding the date of this Complaint (the "relevant period"), Defendant docked the pay of so-called "exempt" employees including the Plaintiffs and others similarly situated to work numerous weeks in excess of 40 hours in a workweek, yet did not compensate them for the work in excess of 40 hours at a rate not less than 1½ times their regular rate of pay—and on many occasions did not compensate them whatsoever for hours worked.

23.  Under the guise of an FLSA exemption, Defendant regularly and intentionally required Plaintiffs and others similarly situated to work extended hours—including working through lunch, staying late past scheduled shifts to complete projects, and working on the weekends.  AHS's practices severely limited Plaintiffs' personal time away from the office, as they were constantly required to be able to connect to AHS via the Internet and cell phone on any moment's notice.

24. AHS also regularly and intentionally required Plaintiffs and others similarly situated to work extended hours, up to 12-hour workdays, and without free time for lunch, after initially telling these employees that they would not have to work in excess of 40 hours per week.

25. Neither Plaintiffs nor others similarly situated are subject to any of the exemptions of FLSA. AHS misclassified Plaintiffs and others similarly situated as exempt personnel. However, because AHS erroneously docked the pay of Plaintiffs, Plaintiffs are protected by the FLSA and entitled to overtime compensation for the time worked in excess of 40 hours per week.

26. For both Plaintiffs in this action and similarly situated employees of AHS, AHS failed to comply with the FLSA, 29 U.S.C. § 211(c), regarding the wages, hours, and other conditions of employment of Plaintiffs and the similarly situated employees for the time period required by law.

## COUNT I: FAILURE TO COMPENSATE FOR OVERTIME HOURS IN VIOLATION OF THE FLSA

27. Plaintiffs incorporate by reference paragraphs 1-26 of their Complaint as if set forth fully here.

28. Plaintiffs bring this action to recover overtime compensation on behalf of themselves and similarly situated employees under 29 U.S.C. § 216(b).

29. Defendant did not properly compensate Plaintiffs and employees similarly situated to Plaintiffs employed by AHS who worked overtime hours during the relevant period.

30. Defendant failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiffs and the similarly situated employees for the time period required by law.

31. Defendant acted willfully in failing to pay the overtime compensation required by the FLSA to Plaintiffs and the similarly situated employees.

32. Plaintiffs and the similarly situated employees are entitled to the recovery of their unpaid overtime compensation for the preceding 3 years, an equivalent amount in liquidated damages (or prejudgment interest), and their attorneys' fees and costs under 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand a TRIAL BY JURY and for the following relief:

(a) An award to Plaintiffs and others similarly situated of the overtime pay they are owed;

(b) An award to Plaintiffs and others similarly situated of liquidated damages against Defendant for willful violations of the FLSA's overtime provisions;

(c)  Plaintiffs' reasonable attorneys' fees and costs; and

(d)  Such other and further relief as this court finds just and proper.

This 4th day of February, 2013.

                              Respectfully submitted,

                              <u>s/Elizabeth Ann Morgan</u>
                              Elizabeth Ann Morgan
                              Georgia Bar No. 522206
                              THE MORGAN LAW FIRM P.C.
                              260 Peachtree Street
                              Suite 1601
                              Atlanta, Georgia 30303
                              Telephone: 404-496-5430
                              morgan@morganlawpc.com
                              *Counsel for Plaintiffs*