# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **CATHRYN SLEVA,** ) <br> **DEBORAH SMITH** ) <br> *and others similarly situated,* ) <br> ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **ATLANTA HUMANE SOCIETY** ) <br> **AND SOCIETY FOR** ) <br> **PREVENTION OF CRUELTY** ) <br> **TO ANIMALS, INC.** ) <br> ) <br> **Defendant.** ) | Case No. 1:13-cv-00370-JEC |

## AGREEMENT AND GENERAL RELEASE

**1.     Parties And Released Parties:**

This document sets forth the terms and conditions of the Agreement and General Release (hereinafter "Agreement") by and between the Plaintiff Deborah Smith (hereinafter "Smith") and Atlanta Humane Society and Society for Prevention of Cruelty to Animals, Inc. (hereinafter "the Society") or collectively "The Parties." The term "Releasees" as used herein shall be defined as the Society and all of its divisions and affiliates and their current and former officers, directors, employees, shareholders/partners, servants, agents, officials, insurers, and attorneys, in their official and individual capacities, together with their predecessors, successors and assigns, both jointly and severally. In consideration of the mutual covenants and agreements set forth below, the parties agree as follows:

**2.     Termination Of Employment:**

        A.     The Smith and the Society agree that, for any references sought by prospective employers for Smith, Smith shall direct any such prospective

employer to Ashley Cassidy. The Society agrees that, in response to any such inquiry by a prospective employer to Ms. Cassidy, Ms. Cassidy, or her successor, shall only provide Smith's job position and dates of employment with the Society.

3. **Payment And Consideration:**

  A. The Society shall pay to Smith a total payment of $23,033.00. Of this amount, $13,033.00 represents backpay damages. The Society also shall pay Smith $10,000 for alleged claims of personal injuries, including Smith's claims of emotional distress, anxiety, humiliation, pain and suffering, embarrassment, mental anguish and severe emotional distress. Additionally, the Parties have separately negotiated and have agreed that a reasonable attorney fee in this case for Smith's counsel is $7,500.00.

  B. The amount for Smith's back pay shall be paid by the Society in a check made payable to "Deborah Smith." The Parties recognize and agree that the back pay portion of the payment to Smith is subject to applicable taxes and withholdings. The amount for Smith's personal injuries and liquidated damages shall be paid by the Society in one separate check made payable to "Deborah Smith." The amount for attorney's fees shall be paid by the Society in a separate check made payable to "The Morgan Law Firm P.C."

  C. The Parties acknowledge that Smith will promptly file the Joint Motion for Court Review and Approval of Settlement Agreement and Dismissal of Case With Prejudice in the form attached to this Agreement as Exhibit A (hereinafter "Joint Motion").

  D. Smith and her counsel acknowledge and agree that, in the event the Court denies the Parties' Joint Motion and the Parties cannot, thereafter, secure court approval of a mutually agreeable settlement agreement within forty-five (45) days of the Court's Order denying the Joint Motion, this Agreement shall be null and void.

4. **General Release:**

  A. For and in consideration of the total payment specified above and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties do knowingly and voluntarily release and forever discharge each other from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demand whatsoever in

law or in equity (hereinafter collectively referred to as "claims"), whether known or unknown which the Parties ever had, now have or may or might in the future have against each other, based on any acts, omissions, transactions or occurrences whatsoever from the date of the beginning of the world to the effective date of this Agreement, and specifically, but not by way of limitation, to those claims arising by reason of or in any way connected with or which are or may be based in whole or in part on, or do or may arise out of or are or may be related to or with:

(i) the matter pending in the Northern District of Georgia – CAN 1:13-cv-00370;

(ii) the matter pending before the Equal Employment Opportunity Commission – Charge No. 410-2012-04956

(iii) employment of and/or termination of employment between the Society and Smith, including any issues related to payment of wages under the Fair Labor Standards Act;

(iv) unlawful acts of any kind arising under or in reliance upon any statute (federal, state or local);

(v) deprivation of civil rights, unlawful acts of any kind, or discrimination under state, local or federal law or otherwise including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended; Civil Rights Act of 1991; and Americans with Disabilities Act;

(vi) interference with or breach of contract (express or implied, in fact or in law), detrimental reliance, breach of duty of good faith and fair dealing (express or implied) and/or breach of contract of any kind;

(vii) retaliatory or wrongful discharge, breach of policy and/or public policy, bad faith discharge, negligence, negligent discharge, intentional or negligent infliction of emotional or mental distress, invasion of privacy, deceit, interference with advantageous relations, outrageous conduct, inducement, fraud, false imprisonment, assault, assault and battery, false arrest, malicious prosecution, breach of duty, libel, slander and/or tortious and/or criminal conduct of any kind;

(viii) interference with business relationships, contractual relationships or employment relationships of any kind;

(ix)   loss of consortium;

(x)   attorneys' fees, expenses or costs pursuant to 42 U.S.C. § 1988 or as otherwise may be allowed by law, including pursuant to any statute, contract or common-law claim; and

(xi)   any and all other claims arising under law or equity.

A.   Smith and Employer incorporate by reference in its entirety the EEOC Settlement Agreement executed on _____ between Smith, the Employer, and the Equal Employment Opportunity Commission in connection with EEOC Charge No. 410-2012-04956.  Smith acknowledges and agrees that, by way of said EEOC Settlement Agreement, Smith has voluntarily dismissed EEOC Charge No. 410-2012-04956 with prejudice and that Smith shall not hereafter request the EEOC to take any action on Smith's behalf regarding any of the matters therein.  Nothing in this Agreement is intended to or shall affect the applicability or enforceability of the EEOC Settlement Agreement, or the terms of agreement set forth therein, but Smith and Employer acknowledge and agree that this Agreement does set forth additional agreements, assurances, and covenants between them that have been made and are material to the resolution of the claims and matters set forth herein.

## 8.   Right To Retain Advisor Or Counsel:

A.   It is understood that the Parties have had opportunity to consult fully with legal counsel or other advisor prior to signing this Agreement.

## 9.   Entire Agreement:

A.   This Agreement constitutes the entire agreement between the Parties pertaining to those subjects contained in it and supersedes all prior and contemporaneous agreements, representations and understandings.  It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by Smith and an authorized representative of the Society.

B.   In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be

affected thereby.

## 10. **Effective Date:**

This Agreement shall become effective and irrevocable upon its execution by Smith.

## 11. **Successors And Assigns:**

This Agreement shall be binding upon Smith and Smith's heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and shall inure to the benefit of the Releasees and their predecessors, successors and assigns.

## 12. **Non-Admission:**

The Parties acknowledge that the payment set forth herein does not constitute any admission of liability on the part of the Releasees, by whom liability is expressly denied. This Agreement shall not be deemed an admission of liability or a violation of any law, rule, regulation or order, of any kind.

## 13. **Return of Property:**

Smith acknowledges and covenants that Smith will return all property, if any, of the Society Smith has in her possession or in the possession of her counsel, including, but not limited to, records, files, lists, drawings, documents, equipment, disks, charts, reports, video and audio tapes, within seven (7) calendar days of the Court issuing its notice of approval of this settlement (including this Agreement).

## 14. **Miscellaneous:**

A.  This Agreement may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Fax signatures in lieu of original signatures are acceptable.

IN AGREEMENT HERETO, Smith and the below representative of the Society set their hand and seal.

_____       _____
Deborah Smith                                                                      Date



_____       _____
Horace Nalle                                                                         Date
Representative for the Society